IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TYLER CARRAWAY, DAVID CARRAWAY,
and KELLI CARRAWAY,

    Third-Party Plaintiffs,

v.

NATIONAL SURETY CORP.,

    Third-Party Defendant.

CIVIL ACTION NO.

1:06-CV-2799-JEC

### ORDER

This case is before the Court to set a briefing schedule for those issues remaining following the Court's issuance of an Order denying each party's motion for summary judgment.

It appears that three potentially dispositive questions may remain in this case for which no Georgia appellate court has supplied an answer. To ensure that this is the case, and to avoid burdening the Georgia Supreme Court with a certified question for which there already may be an answer, the Court directs the parties to rebrief the three questions set out in the Order of September 30, 2009 [133]:

1. Does an adjudication of delinquency constitute a violation of a penal law?

2. If TW's adjudication of delinquency did constitute a violation of penal law, is the Policy's purported coverage of a wrongful entry illusory, given the exclusion for a penal law violation?

AO 72A
(Rev.8/82)

3.  The Court has concluded that if the above two questions ae answered "yes" and "no," respectively, the penal law exclusion, read by itself, would cause claims against both TW and his parents to be excluded. The remaining question is whether, when this exclusion is read together with the severability clause, the latter creates an ambiguity as to the applicability of the exclusion to the parents. If so, should that ambiguity be resolved against the defendant insurance company?

As the defendant argues that the Policy is unambiguous on the above terms, the defendant shall file the first brief by **Monday November 16, 2009.** Plaintiffs shall respond by **Monday, November 30, 2009.** Defendant may file a reply by **Friday, December 11.**

The law in this case is uncertain and the stakes are high for the defendant, as the defendant may be called on to pay the Wootens the one million dollars that was agreed to in the settlement between the Wootens and the plaintiffs, as well as to indemnify the plaintiffs for their attorney's fees in defending the Wooten action. Likewise, neither the plaintiffs nor the Wootens can be certain that plaintiffs will prevail in this action, and if they do not, the Wootens will not receive any part of the one million dollar settlement, nor will the plaintiffs receive any part of the attorney's fees that they have expended.

Accordingly, given this uncertainty on both sides, it may be possible for the parties to settle these claims. For that reason, the Court directs that the parties participate in a settlement

conference before the Court on **Thursday, November 5, 2009, 10:30 a.m.** Present at that conference shall be Mr. or Mrs. Wooten and their counsel; plaintiffs and their counsel, and a representative of the defendant insurance company with full settlement authority, and its counsel.

SO ORDERED, this __15__ day of October, 2009.

_____
JULIE E. CARNES
CHIEF UNITED STATES DISTRICT JUDGE